UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JACK ROBERT MOXON,

       Debtor,

_____/

JACK R. MOXON,

       Appellant,

v.

COURT APPOINTED RECEIVER, DAVID FINDLING,

       Appellee.

_____/

Case No. 05-74864
HON. MARIANNE O. BATTANI

**OPINION AND ORDER AFFIRMING
THE DECEMBER 16, 2005, BANKRUPTCY COURT ORDER**

## I.  INTRODUCTION

Before the Court is Jack R. Moxon's January 12, 2006, appeal of an order issued by the Bankruptcy Court for the Eastern District of Michigan, Southern Division (Doc. # 1). The December 16, 2005, order denied Moxon's motion to find that David Findling had violated the automatic stay.

On April 12, 2004, the Macomb County Circuit Court appointed David Findling as receiver of the marital home of Jack and Stella Moxon. On June 8, 2004, a judgment of divorce was entered. The judgment of divorce continued the receivership appointment for the property and directed that all costs be split evenly between the two parties from the proceeds of the sale of

the home.  The judgment of divorce also required Jack Moxon to pay monthly child support, and decreed that if either party should file for bankruptcy, and that if it was determined that any obligation owed to the other party was dischargeable, then the unpaid amount would be automatically converted to non-dischargeable domestic support.

The receiver listed the property for sale but was unable to secure a buyer.  Jack Moxon allegedly interfered with sale by not paying the utilities, which led to frozen pipes, and to water damage after the pipes burst.  The circuit court ordered Jack Moxon to direct his monthly Veterans Administration disability pension check to the receiver in order to satisfy the payment of the receiver's fees and costs to repair the damage, and past due child support obligations.

On June 21, 2005, Jack Moxon filed a bankruptcy petition.  The receiver and the circuit court were given notice of his petition.  On August 10, 2005, the receiver filed a motion in circuit court for a determination that he incurred fees attempting to collect unpaid child support.  Appellant contends that the fees were not incurred in an attempt to collect child support, but rather, were incurred in the receiver's failed attempts to sell the marital home, and in undertaking actions unauthorized by his appointment.  In a September 26, 2005, order, the circuit court found, while exercising concurrent jurisdiction over domestic support matters under 11 U.S.C. § 523(a)(5), that the obligations owed by Jack Moxon were in the nature of support, and that the receiver incurred the fees in an attempt to collect support payments.  The court then ordered Jack Moxon to pay the receiver's fees and to direct his monthly Veterans Administration disability pension check to the receiver to satisfy the outstanding support obligation.

On September 15, 2005, Jack Moxon filed a motion in the bankruptcy court asking the court to find that the receiver was in contempt for violating the automatic stay.  That motion was

denied because the court found that the state court has concurrent jurisdiction regarding determinations of dischargeability pursuant to 11 U.S.C. § 523(a)(5), and that collection of child support from property that is not property of the estate is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(2)(B).  On November 22, 2005, Jack Moxon filed a motion in the bankruptcy court for a finding that the receiver, the receiver's law firm, and the circuit court judge violated the automatic stay.  The bankruptcy court treated the motion as motion for reconsideration of its September 15th order because it requested the same relief as the earlier motion.  In a December 16, 2005, order, the bankruptcy court denied the motion for the same reasons it denied the September 15th motion, and because it was not timely.

>Defendant raises the following issues on appeal:
>
>I. Whether it is a violation of the stay to convert a dischargeable property settlement into a non-dischargeable child support obligation;
>II. Whether it is a violation of the stay to modify a judgment of divorce to protect a state court receiver;
>III. Whether it is a violation of the stay for a state court to attempt to exercise jurisdiction over an issue under 11 U.S.C. § 523(a)(15), which is exclusively within the province of the bankruptcy court; and,
>IV. Whether it is a violation of the stay to continue state court litigation on property issues contained in a judgment of divorce.

## II. STANDARD OF REVIEW

In bankruptcy cases, the district court is required to review the bankruptcy court's legal conclusions *de novo* and review factual questions on a clearly erroneous standard.  In re Burns, 322 F.3d 421, 425 (6th Cir. 2003).

## III.    ANALYSIS

The crux of Appellant's argument is that the state court erred in determining that the receiver's fees were incurred in order to collect child support under 11 U.S.C. § 523(a)(5).

Appellant contends that the state court did not have jurisdiction to order the payment because the fees were not in the nature of support, but rather, were incurred exercising duties outside the scope of his appointment, and were fees that were otherwise dischargeable in bankruptcy. The bankruptcy court declined to review the state court decision because state courts have concurrent jurisdiction to decide whether a domestic support matter pending before it is stayed by a party's bankruptcy filing. See 11 U.S.C. § 523(a).

"[T]he bankruptcy court has exclusive jurisdiction over the debtor only to the extent that the Code makes its jurisdiction exclusive. . . . The automatic stay provision protects the bankruptcy court's jurisdiction by forbidding the commencement or prosecution of most actions against the debtor or its property, but the automatic stay has exceptions." Chao v. Hosp. Staffing Servs., Inc., 270 F.3d 374, 382 (6th Cir. 2001).

> Once a bankruptcy proceeding begins in one court, the concurrent jurisdiction of other courts is partially stripped. . . . . In addition to exclusive jurisdiction over the bankruptcy proceeding itself, "the district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e); see also In re Modern Boats, Inc., 775 F.2d 619, 620 (5th Cir. 1985). However, the exclusivity of the bankruptcy court's jurisdiction reaches only as far as the automatic stay provisions of 11 U.S.C. § 362. That is, if the automatic stay applies to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy court. If the automatic stay does not apply-- e.g., if an exception to the stay covers the action in question-- the bankruptcy court's jurisdiction is concurrent with that of any other court of competent jurisdiction.

Id., at 383. Accordingly, if no exception to the automatic stay permitted the state court to decide the nature of the fees, the state court had no jurisdiction to entertain the motion because the bankruptcy court had exclusive jurisdiction over the debtor and its property. Id., at 384.

4

However, if "the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void *ab initio*." Id.

The state court determined that it had jurisdiction to rule on the receiver's motion to declare that the fees were incurred in an attempt to collect child support under 11 U.S.C. § 523(a). That section states, in relevant part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
> . . . .
> (5) for a domestic support obligation;

"Assuming its jurisdiction is otherwise sound, the non-bankruptcy court may enter orders not inconsistent with the terms of the stay and any orders entered by the bankruptcy court respecting the stay." Chao, 270 F.3d at 384. In this case, "[t]he Debtor confuses jurisdiction to grant relief from the stay under 11 U.S.C. § 362(d) with jurisdiction to determine whether the stay applies in the first instance. That the bankruptcy court may be the exclusive forum to consider a motion for relief from the automatic stay, . . . does not preclude a nonbankruptcy court from determining whether a matter pending before it is stayed by a party's bankruptcy filing." Singleton v. Fifth Third Bank, 230 B.R. 533, 539 (B.A.P. 6th Cir. 1999), see also NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 938-9 (6th Cir. 1986)("'The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.'" (quoting Erti v. Paine Webber Jackson & Curtis, Inc., 765 F.2d 343, 347 (2d Cir. 1985)). The state court has jurisdiction to decide, pursuant to 11 U.S.C. § 523(a), if the receiver's fees were incurred collecting child support payments, and thus non-dischargeable in bankruptcy. The state court's jurisdictional decision was not erroneous, and

thus not void *ab initio*.  Appellant's claim that the state court lacked jurisdiction to enter the order in question because the receiver's fees were not in the nature of support is not reviewable by this Court.

"A court's determination of its own jurisdiction is subject to the principles of *res judicata*; it generally may not be challenged in a collateral proceeding."  Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990).  "[T]he threshold question in every federal case," is whether the court has the power to entertain the suit.  Warth v. Seldin, 422 U.S. 490, 498 (1975).  The Rooker-Feldman doctrine divests all federal district courts of subject matter jurisdiction to review state court judgments.  See generally Rooker v. Fid. Trust Co., 263 U.S. 413, (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Peterson Novelties, Inc. v. City of Berkley, 305 F.3d 386, 390 (6th Cir. 2002).  The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the United States Supreme Court is the exclusive federal court with jurisdiction to review state court decisions.  Accordingly, the doctrine prevents district courts from entertaining challenges to state court decisions, "even if those challenges allege that the state court's action was unconstitutional."  Feldman, 460 U.S. at 486.

The Rooker-Feldman doctrine promotes firmly-held notions of federalism and comity by preserving the integrity "of the state court decision-making process" and "the repose of state court judgments."  Adkins v. Underwood, 520 F.2d 890, 892-93 (7th Cir. 1975).  Our federalist system of government relies on the capacity of both state and federal courts to protect the constitutional rights of litigants.  Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970) (finding that our dual system of government "could not function if state and federal courts were free to fight each other for control of a particular case").  Allowing

6

federal district courts to review Michigan decisions could have the deleterious effect of "displac[ing] almost the whole of state litigation into the federal courts by making the final judgment in the state court the cause of action that kicks off a suit to undo that judgment in federal court." Lynk v. Laporte Super. Ct. No. 2, 789 F.2d 554, 563 (7th Cir. 1986).

Consistent with these federalism and comity concerns, the Rooker-Feldman doctrine raises a jurisdictional bar that prevents federal district courts from second-guessing state court decisions. Texaco, Inc. v. Pennzoil Co., 784 F.2d 1133, 1142 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1 (1987). The doctrine prohibits federal courts from engaging in appellate review of not only state court judgments, but also of any claim "inextricably intertwined" therewith. Peterson Novelties, 305 F.3d at 390. "In practice this means that when granting relief on the federal claim would imply the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." Pieper v. Am. Arbitration Ass'n, 336 F.3d 458, 460 (6th Cir. 2003) (citation omitted). As the Supreme Court has recently ruled, the doctrine bars those cases "brought by state-court losers complaining of injuries caused by state-court judgments . . . inviting district court review and rejection of those judgments." Exxon Mobil Corp., v. Saudi Basic Industries, Inc., 125 S.Ct. 1517, 1521-22 (2005).

Regardless of whether the state court's ruling that found the receiver's fees non-dischargeable because they were in the nature of support was correct or not, the state court had jurisdiction to make that decision. An erroneous interpretation of the law does not divest a court of jurisdiction to make the erroneous decision. Therefore, because the state court had concurrent jurisdiction over areas of domestic support, the Rooker-Feldman doctrine bars collateral attack or appellate review of state court decisions, even if erroneous. If Appellant wishes to appeal the

state court decision granting non-dischargeable status to the receiver's fees, he must do so in the state court system.

## IV.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the bankruptcy court's order of December 16, 2005, be and is hereby **AFFIRMED.**

 s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: 3/31/06

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Thomas J. Budzynski and John W. Polderman on this date by electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK